19 F.3d 1436
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David COUNGERIS, Petitioner-Appellant,
v.
Michael F. SHEAHAN, Sheriff of Cook County, and the Attorney
General of the State of Illinois, Respondents-Appellees.
 No. 93-2504.
 United States Court of Appeals, Seventh Circuit.
 March 29, 1994.
 
 Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the judgment of the United States District Court for the Northern District of Illinois denying the petitioner a writ of habeas corpus. The Governor of Michigan previously demanded that the Governor of Illinois deliver the petitioner to Michigan authorities to answer an accusation that he had committed a criminal act within Michigan. The petitioner contested the validity of that extradition request in the courts of Illinois and, afterward, in the federal courts by filing a petition for a writ of habeas corpus. That petition was denied by the district court and this court affirmed. See Coungeris v. Sheahan, No. 92-3229, slip op. (7th Cir. Dec. 9, 1993). Petitioner was held in Illinois pending the determination of this litigation. During that period, the Governor of Michigan transmitted to the Governor of Illinois a second demand for the petitioner's deliverance. This second demand was issued on the ground that the petitioner had failed to appear for sentencing on an unrelated charge. That failure to appear occurred, according to the Governor's demand, during the period when the petitioner was being detained by Illinois pending resolution of his challenge of the earlier demand.
 
 
 2
 Petitioner sought relief in the courts of Illinois on the ground that he ought not be delivered to Michigan pursuant to the second demand while the litigation with respect to the validity of the first demand was still pending. After exhausting his available remedies in the Illinois courts, the petitioner brought this petition for a writ of habeas corpus in the district court. The district court denied relief. It reasoned that the relief that the petitioner requested was beyond the scope of the inquiry permitted a habeas court in the asylum state under the holding of the Supreme Court in Michigan v. Doran, 439 U.S. 282, 289 (1978). Moreover, held the district court, the petitioner lacks merit: "The fact that petitioner may have a legal objection to one ground upon which extradition is sought does not foreclose the demanding state from asserting another, concededly valid, basis for extradition."
 
 
 3
 We believe that the district court was on solid ground in its ruling. In any event, because we have held earlier that there is no valid basis upon which the petitioner may obtain relief with respect to the earlier demand of the Governor of Michigan, the present challenge to the second demand is now moot.
 
 
 4
 Accordingly, the appeal is DISMISSED AS MOOT.